UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JANE DOE,**
and **AMI COLEMAN,**
on behalf of themselves
and all others similarly situated,

                          Plaintiffs,          Case No.

v.                                                   Hon.

**TEMPLE PLAZA HOTEL, INC.,**
d/b/a **BOUZOUKI CLUB**
**FAMOUS DOOR II, INC.,**
and **DENNIS KEFALLINOS,**

                          Defendant.

**GOLD STAR LAW, P.C.**
**Maia Johnson Braun (P40533)**
**David A. Hardesty (P38609)**
Attorney for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*
*dhardesty@goldstarlaw.com*

## PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

Plaintiffs, Jane Doe and Ami Coleman, through their attorneys, Gold Star Law, P.C., for their Collective Action Complaint state:

### PRELIMINARY STATEMENT

1.    Plaintiffs Jane Doe and Ami Coleman, and the employees they seek to represent are employees and former employees of Temple Plaza Hotel, Inc., d/b/a

Bouzouki Club ("Bouzouki's"), Famous Door II, Inc., and Dennis Kefallinos ("Kefallinos"), (collectively "Defendants") who work or worked as dancers for Defendants.

2. Plaintiffs and the employees they seek to represent were only paid by tips received from Defendants' customers and were not paid any wage by Defendants.

3. Plaintiffs and the employees they seek to represent were charged fees by Defendants each time they worked.

4. Defendants' conduct violates the FLSA, which requires employers to compensate employees for all hours worked.

5. Defendants utilized a mandatory and invalid tip-pooling arrangement, requiring Plaintiffs to pay a portion of their tips to Defendants and to other employees at the end of their shifts.

6. Defendants were required to compensate Plaintiffs at least minimum wage for all hours worked up to forty (40) hours per week, and at one and one-half (1 ½) times minimum wage for any hours worked in excess of forty (40) per week. 29 U.S.C. § 203(m).

7. Defendants likewise do not pay minimum wage rates to other similarly situated employees. Plaintiffs bring a collective action to recover unpaid wages owed to them and on behalf of all other similarly situated employees,

current or former, of Defendants.  Members of the collective action are hereinafter referred to as "Class Members."

## PARTIES, JURISDICTION AND VENUE

8. Plaintiff Jane Doe ("Doe") is an individual residing in Ypsilanti, Michigan.  Doe's written consent form to this action is attached hereto as "Exhibit A."  Defendants employed Doe as a Dancer from April, 2011 until April 19, 2019.

9. Plaintiff Ami Coleman ("Coleman") is an individual residing in Detroit, Michigan.  Coleman's written consent form to this action is attached hereto as "Exhibit B." Defendants employed Coleman as a Dancer from on or about March, 2014 until March, 2018.

10. Defendant Temple Plaza Hotel, Inc., d/b/a Bouzouki Club is a domestic profit corporation with its place of business in Detroit, Michigan.

11. Defendant Famous Door II, Inc. is a domestic profit corporation with its place of business in Detroit, Michigan.

12. Defendant Kefallinos is an individual regularly conducting business in Detroit, Michigan and is an owner, officer, and manager of Defendants.

13. This action arises under the FLSA 29 U.S. § 201, *et seq.*, and jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

14. Defendants reside within this judicial district and the claims asserted in this action arose within this district. Venue is proper in this Court pursuant to 28 § U.S.C. 1391.

## COVERAGE

15. Defendants are "employers" within the coverage of the FLSA. 29 U.S.C. § 203(d).

16. Plaintiffs and Class Members are "employees" within the coverage of the FLSA. 29 U.S.C. § 203(e).

17. Defendants are an enterprise engaged in commerce as defined by the FLSA and have revenues in excess of five hundred thousand dollars ($500,000.00) per year. 29 U.S.C. § 203(s).

18. Defendants controlled the hours to be worked by and the compensation of Plaintiffs and Class Members.

## FACTUAL ALLEGATIONS

19. Defendants own and operate an adult cabaret in Detroit, Michigan.

20. Upon information and belief, Kefallinos is the resident agent, owner, officer, and principal shareholder of Bouzouki's, and is responsible for managing Bouzouki's day-to-day operations and setting Bouzouki's compensation policies.

21. Defendants employed Doe as a dancer from April, 2011 until April 19, 2019.

22. Defendants employed Coleman as a dancer from on or about March, 2014 until on or about March, 2018.

23. On average, Doe worked 40 to 60 hours per week.

24. On average, Coleman worked 20 to 32 hours per week.

25. Throughout Plaintiffs' employment with Defendants, Defendants did not compensate Plaintiffs for any hours worked. The only form of compensation that Plaintiffs received was tips that they earned from Defendants' customers.

26. Defendants determined the work hours and maintained Plaintiffs' work schedules.

27. Plaintiffs were not permitted to leave early from their scheduled shifts without express permission from Defendants' managers or agents.

28. Plaintiffs were required by Defendants to wear certain uniforms or types of clothing while working.

29. Plaintiffs were told by Defendants when they were expected to get on stage to dance.

30. Plaintiffs were charged a fee by Defendants if they missed a call to the stage.

31. If Plaintiffs called off when scheduled to work, they were charged a fine by Defendants.

32. At the end of each shift, Plaintiffs were required to give a portion of their tips, generally $155, to Defendants by way of a manger on duty.

33. Plaintiffs were required by Defendants to engage in a tip pooling arrangement by which they paid the House Mom $10 and the DJ $20 each time they worked.

34. Plaintiffs were not, at any time during their employment, exempt from the minimum wage and overtime pay requirements of the FLSA.

35. All hours worked by Plaintiffs were worked at the direction and with sufferance of Defendants.

36. Defendants' failure to pay minimum wage and overtime was willful, with knowledge, or with reckless disregard of the statutory requirements.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiffs have actual knowledge that Class Members have also been subjected to the same pay practices, tip pooling and pay to work practices and were improperly compensated by Defendants. That is, Plaintiffs worked with other dancers at Defendants' place of business who were charged to work for Defendants, who were required to contribute to an invalid tip pool, who were not compensated at least minimum wage for all hours worked up to forty (40) hours per week, and who were not compensated at one and one-half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

38. Class members perform or have performed the same or similar work as Plaintiffs.

39. As such, Class Members are similar to Plaintiffs in terms of job duties and pay structure.

40. Defendants' unlawful compensation practices result from generally applicable policies or practices and do not depend on the personal circumstances of Class Members.

41. The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

42. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

43. All Class Members were entitled to be compensated for all hours worked, were entitled to minimum wage for hours worked up to forty (40) hours per week, and were entitled to overtime pay for hours worked in excess of forty (40) hours per week.

44. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant

that caused harm to all Class Members. Plaintiffs bring their FLSA claims as a collective action on behalf of the following class:

> **All individuals currently and formerly employed as Dancers by Defendants throughout Michigan who were not compensated for all hours worked, who were not compensated at minimum wage for hours worked up to forty (40) hours per week, or who were not compensated for overtime, or one and one-half (1 ½) times minimum wage for hours worked in excess of forty (40) hours per week, during the period from three (3) years prior to the filing of this complaint to the present.**

## CAUSE OF ACTION
## VIOALTION OF THE FAIR LABOR STANDARDS ACT OF 1938

45. Plaintiffs and Class Members incorporate the foregoing allegations of this Complaint as if fully stated herein.

46. Defendants violated the FLSA by failing to pay Plaintiffs and Class Members for all hours worked, by utilizing an improper tip-pooling arrangement, by failing to pay minimum wage for hours worked up to forty (40) per week, and by failing to pay one and one-half (1 ½) times minimum wage for hours worked in excess of (40) per week. 29 U.S.C. § 207(a); 29 U.S.C. § 203(m).

47. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked, to pay employees minimum wage, and to pay employees overtime are applicable to Defendants or Plaintiffs and Class Members.

48. As a direct and proximate cause of Defendants' violation of the FLSA, Plaintiffs and Class Members have sustained damages in the form of unpaid wages and overtime compensation, in an amount to be proven at trial.

49. Plaintiffs and Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

50. Plaintiffs and Class Members are entitled to recover attorney fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs request that this Court enter judgment awarding the following relief:

a. Unpaid minimum wage compensation for all hours worked up to forty (40) hours per week;

b. Unpaid overtime compensation for all hours work in excess of forty (40) per week at the applicable time and a half rate;

c. An amount equal to the unpaid wages as liquidated damages;

d. Reasonable attorney fees, costs and expenses of the action;

e. An award requiring Defendants to correct their pay practices going forward; and

f. Such other and further relief as the Court deems just and equitable.

                                           Respectfully submitted,

                                           **GOLD STAR LAW, P.C.**

                                           */s/ Maia Johnson Braun*
                                           **Maia Johnson Braun (P40533)**
                                           **David A. Hardesty (P38609)**
                                           Attorneys for Plaintiffs
                                           2701 Troy Center Dr., Ste. 400
                                           Troy, Michigan 48084
                                           (248) 275-5200
                                           *mjohnson@goldstarlaw.com*
                                           *dhardesty@goldstarlaw.com*

Dated: June 24, 2019