UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLA MERRIWETHER, et al.,

    Plaintiffs,

v.

TEMPLE PLAZA HOTEL, INC.
d/b/a BOUZOUKI CLUB, et al.,

    Defendants.
_____/

Case No. 19-11854
Honorable Victoria A. Roberts

## ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF AN FLSA COLLECTIVE ACTION [ECF No. 18]

### I.    INTRODUCTION

Carla Merriwether and Ami Coleman ("Plaintiffs"), former dancers at Defendants' Bouzouki Club in Detroit, bring this proposed collective action under the Fair Labor Standards Act ("FLSA") on behalf of themselves and similarly situated current and former employees of Temple Plaza Hotel, Inc. d/b/a/ Bouzouki Club, Famous Door II, Inc., and Dennis Kefallinos ("Defendants"). They say Defendants failed to pay them and a class of similarly situated dancers at least minimum wage for all hours worked and 1 ½ times their regular rate for overtime hours.

Before the Court is Plaintiffs' motion for conditional certification of an FLSA collective action and for an order for notice to the class. Plaintiffs

move the Court to: (1) conditionally certify an FLSA collective action; (2) order Defendants to provide contact information for all potential opt-in plaintiffs within four weeks of conditional certification; (3) order that notice of the action be sent to members of a class of all current and former individuals who worked as dancers for Defendants after June 24, 2016 and who were not paid at least minimum wage for all hours worked and were not paid 1 ½ times their regular rate for overtime hours; and (4) approve a sixty-day period after receipt of the contact information from Defendants for individuals to file opt-in consent forms.  The motion is fully briefed.

The Court **GRANTS** Plaintiffs' motion, as set forth below.

## II.    BACKGROUND

Plaintiffs filed this case on June 24, 2019; they allege the following:

Defendants operate a gentleman's club.  Plaintiffs, 10 current opt-in class members, and all other potential class members worked as dancers at Defendants' club.  Defendants did not pay the dancers they employed. Plaintiffs and other dancers only received tips given by customers as compensation.

Defendants decided the work hours and maintained Plaintiffs' work schedules. They did not permit Plaintiffs to leave work early from their scheduled shifts without express permission. Defendants required Plaintiffs

to wear certain uniforms or types of clothing while working. Defendants told Plaintiffs when to get on stage to dance. Defendants charged Plaintiffs a fee if they missed a call to the stage and fined them if they called off work.

At the end of each shift, Defendants required Plaintiffs to give a portion of their tips, generally $155.00, to Defendants through the manager on duty. Defendants required Plaintiffs to engage in a tip pooling arrangement; they paid the House Mom $10.00 and the DJ $20.00 each time they worked.

Plaintiffs and class members were not exempt from the minimum wage and overtime requirements of the FLSA at any time during their employment, and the pay practice was similar for each class member.

Defendants' failure to pay minimum wage and overtime was willful – with knowledge, or with reckless disregard – of the FLSA statutory requirements. Defendants' failure to properly pay Plaintiffs and class members in violation of the FLSA was not based on a good faith and reasonable belief that their conduct complied with the FLSA. Defendants were required to pay Plaintiffs at least minimum wage for all hours worked, and one and one half times their regular rate of pay for all hours worked over 40 in a week.

Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to recover unpaid wages and overtime compensation, as well as attorney fees and costs.

## III.  ANALYSIS

"Section 216(b) of the FLSA allows similarly situated employees to recover compensation from their employer in 'opt-in' class action litigation." *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012); 29 U.S.C. § 216(b).  The Court determines whether plaintiffs are similarly situated in a two-step process – the first at the beginning of, or before, discovery and the second after all class plaintiffs have decided whether to opt-in and discovery has concluded.  *Id*.  The two-step approach is fully described in *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995):

> The first determination is made at the so-called 'notice stage.' At the notice stage, the district court makes a decision— usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class. If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.' The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this

4

> stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice.

*Mooney*, 54 F.3d at 1213-14 (footnote omitted).

At the conditional certification stage, a plaintiff must make only a "modest factual showing," and "submit evidence establishing at least a colorable basis for [the] claim that a class of 'similarly situated' plaintiffs exists." *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 547-48 (E.D. Mich. 2004) (citations omitted). Lead plaintiffs can satisfy this burden by showing that "they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* at 548 (citation omitted). Alternatively, plaintiffs are "similarly situated" where "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 585 (6th Cir. 2009).

Plaintiffs move for conditional certification of a collective action with the following proposed class:

> All individuals currently and formerly employed as dancers by Defendants throughout Michigan who were not compensated for all hours worked, who were not compensated at minimum wage for hours worked up to forty (40) hours per week, or who

5

were not compensated for overtime, or one and one-half (1 ½) times minimum wage for hours worked in excess of forty (40) hours per week, during the period from three (3) years prior to the filing of this complaint to the present.

[ECF No. 21, PageID.164].

Defendants make several arguments opposing Plaintiffs' request for conditional certification.

First, Defendants say Plaintiffs have not met their burden to demonstrate that conditional certification is appropriate because: (1) Defendants properly classified dancers as independent contractors, and Plaintiffs fail to show that they were victims of a common policy or plan that violated the law; and (2) Plaintiffs' proposed collective action is not manageable since it "includes putative plaintiffs with different entertainment schedules, different methods and means of earning compensation from Defendant's [sic] client, who entertained on disparate and varying days of the week for disparate hours and for widely varying durations of time." [ECF No. 20, PageID.143].

This argument fails on both grounds. Whether Defendants' pay policy violated the FLSA is a substantive issue that goes to the merits; it is not a proper consideration at the conditional certification stage. *See O'Neal v. Emery Fed. Credit Union*, No. 13-CV-22, 2013 WL 4013167, at *5 (S.D. Ohio Aug. 6, 2013) ("Due to the lenient standard at the initial notice stage,

6

district courts within the Sixth Circuit typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues when deciding whether to conditionally certify a class.").

Moreover, contrary to Defendants' contention, the putative plaintiffs do not need to be identically situated – with the exact same work schedule, number of hours worked, and dance moves. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006) ("The plaintiff must show only that '[her] position is similar, not identical, to the positions held by the putative class members.'" (citation omitted)).

Plaintiffs submit sufficient evidence that the putative Plaintiffs are similarly situated. Defendants subjected them to an allegedly unlawful payment policy; and their claims are "unified by common theories of [D]efendants' statutory violations." *See O'Brien*, 575 F.3d at 585.

Next, Defendants alternatively argue that if the Court conditionally certifies the collective action, the limitations period should be two years – and thus the class period should be two years before filing the complaint, rather than three – because Plaintiffs fail to provide factual grounds to support a claim for a willful violation of the Act. The Court disagrees.

"[T]he statute of limitations for [a FLSA] action[] seeking to recover unpaid minimum wages is two years, unless the violation was willful, in which case the limitations period is three years." *Mathews v. ALC Partner, Inc.*, No. 08-10636, 2009 WL 2591497, at *8 (E.D. Mich. Aug. 24, 2009). Plaintiffs allege that they – and putative Plaintiffs – were not exempt from the minimum wage and overtime requirements of the FLSA, and that Defendants' failure to pay these wages was willful – with knowledge, or with reckless disregard – of the FLSA statutory requirements, and not based on a good faith and reasonable belief that their conduct complied with the FLSA.

As non-exempt individuals, Plaintiffs explicitly allege that Defendants' violations of the FLSA were willful. Thus, whether any alleged FLSA violation by Defendants was willful is a question of fact. Because the Court does not typically "consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues when deciding whether to conditionally certify a class, *O'Neal*, 2013 WL 4013167, at *5, the willfulness issue is not properly considered at this juncture, and the proper class period is three years prior to the filing of this complaint to the present. Even the case Defendants rely upon for their argument supports this finding. *See Mathews*, 2009 WL 2591497, at *8

8

("[T]he plaintiffs' claims with respect to the non-exempt class are necessarily predicated on a willful violation, and the proper class limitations period is therefore three years.").

Finally, Defendants say that Plaintiffs' notice should not be approved for issuance until the parties have an opportunity to meet and confer on the content of the notice, so that Defendants may attempt to resolve their objections. While this typically is a sound practice, it is unnecessary. Defendants only objection is that the three-year limitations period be removed from the Plaintiffs' notice; the basis of this objection is the same willfulness argument made by Defendants, discussed above. Because it is premature to decide if Plaintiffs can establish willfulness, there is no need for the parties to confer.

## IV. CONCLUSION

The Court **GRANTS** Plaintiffs' motion for conditional certification of an FLSA collective action and for an order for notice to the class, as follows:

- The Court **CONDITIONALLY CERTIFIES** the following class:

    All individuals currently and formerly employed
    as dancers by Defendants throughout Michigan
    who were not compensated for all hours
    worked, who were not compensated at
    minimum wage for hours worked up to forty
    (40) hours per week, or who were not
    compensated for overtime, or one and one-half
    (1 ½) times minimum wage for hours worked in

    excess of forty (40) hours per week, during the period from June 24, 2016 to the present.

- Defendants must provide the names and contact information for all potential opt-in Plaintiffs to Plaintiffs' counsel by <u>March 19, 2021</u>;

- Plaintiffs must send proposed members of the class Notice of the action by <u>March 30, 2021</u>;

- Class members must return opt-in consent forms by <u>June 4, 2021</u>.

The Court will hold a telephone status/scheduling conference on <u>June 8, 2021</u> at <u>3:30pm</u>. The Court will circulate a call-in number.

**IT IS ORDERED**.

                                            <u>s/ Victoria A. Roberts</u>
                                            Victoria A. Roberts
                                            United States District Judge

Dated: February 19, 2021